IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

THE UNITED STATES OF AMERICA
FOR THE USE AND BENEFIT OF
READY MIX CONCRETE, INC.

Plaintiff

vs                                                    CIVIL 98-2235CCC

UNITED STATES FIDELITY &
GUARANTY COMPANY, THE ST. PAUL
COMPANIES, INC., RELIABLE
MECHANICAL, INC., GALEAR, INC. and
JOHN DOES 1 THROUGH 25,
INCLUSIVE

Defendants

**ORDER**

Plaintiff, Ready Mix Concrete, Inc. filed a complaint on October 30, 1998 against defendants the St. Paul Companies, Inc. and United States Fidelity & Guaranty Company (hereinafter jointly referred to as the Sureties), Reliable Mechanical, Inc. and Galear, Inc. under the Miller Act, 20 U.S.C. §270a and 270b. In its complaint Ready Mix claimed that it was owed the amount of $25,383.38 for thirty-seven (37) deliveries of ready mixed concrete made between July 1 and September 22, 1997, to a construction project bonded by the Sureties.

On March 3, 1999 Ready Mix filed a Motion for Summary Judgment (**docket entry 8**) based on Galear's admission arguing that there remained no issue of material fact in controversy as to its claim under the Miller Act. We have also before us Galear's Opposition (**docket entry 11**) and the Sureties and Reliable's Joint Response, without an affidavit (**docket entry 15**). For the reasons discussed hereinafter, summary judgment is GRANTED.

Defendants based their opposition on the fact that at the time the Motion for Summary Judgment was filed, their motion to dismiss for lack of jurisdiction (**docket entry 3**) was still pending and therefore, they did not have to answer the complaint or engage in discovery until

its resolution. Nevertheless, said Motion was denied on August 12, 1999 (see docket entry 12). At present, the Sureties and Reliable have not engaged in any discovery that could produce additional evidence from that contained in the record.

Additionally, the Sureties and Reliable's Response fails to comply with Fed.R.Civ.P. 56(f) which requires that:

> Should it appear **from the affidavit of a party opposing the motion** that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such order as is just.

(Emphasis added.)

In order to benefit from the continuance allowed by Rule 56(f), the party must:

Move for a discovery continuance in a timely fashion, see Massachusetts Sch. of Law at Andover, Inc. v. American Bar Assoc., 142 F.3d 26, 44 (1st Cir. 1998); include affidavits and any other type of evidence to support its Rule 56(f) request, see Rodríguez-Cuervos v. Wal-mart Store, Inc., 181 F.3d 15, 23-24 (1st Cir. 1999). In said affidavit(s) the party must set forth a good cause to explain his failure to conduct the desired discovery at an earlier date, claim the inability to avert the "swing of the summary judgment axe," see Paterson-Leitch Co. v. Mass. Municipal Wholesale Elec. Co., 840 F.2d 985, 989 (1st Cir. 1988), and sufficiently identify the outstanding discovery that he believes would influence the outcome of the summary judgment motion. Resolution Trust Corp. v. North Bridge Assoc., Inc., 22 F.3d 1198, 1203 (1st Cir. 1994). See also Massachusetts Sch. of Law at Andover, Inc. v. American Bar Assoc., supra at 43-45.

In Galear's Opposition, it again admits its indebtedness for the amount claimed by plaintiff for materials delivered to the bonded project. The only issue contended is whether plaintiff has a right to claim the payment of interest and other charges.

Reliable entered into a contract with the United States of America [Naval Facilities Engineering Command] for a project identified as the Fuel Tankage Defense Fuel Support Point (at the U.S. Naval Station in Roosevelt Roads in Ceiba, Puerto Rico) on or about July 8, 1996 (United States Government Contract Number N62470-92-C-2060). On or about September 27, 1996 Reliable and the Sureties executed and provided the United States of America with a standard government form of payment bond under the contract whereby they bound themselves–as well as their heirs, administrators, and successors, jointly and severally in the sum of $2,500,000.00.

As alleged by plaintiff and admitted by all defendants, Reliable and Galear entered into a subcontract agreement to perform a specific part of the labor and material requirements of Reliable's contract with the government.

On December 27, 1996, Galear entered into a supply contract with plaintiff Ready Mix to purchase mixed concrete on an open account and for the delivery of said concrete to the United States Naval Station in Roosevelt Roads, Ceiba, Puerto Rico. Pursuant to Section 1 of the General Terms and Conditions of Sale contained in the Supply Contract, all invoices were to be due and payable on the last day of the month following the date of the invoice.

Plaintiff includes with its complaint and Motion for Summary Judgment copies of all unpaid invoices and their respective delivery tickets (corresponding to 37 deliveries made). All

CIVIL 98-2235CCC                                                   4

said invoices and delivery tickets clearly reflect the name of the project at Roosevelt Roads. For convenience we shall discuss the amount owed to plaintiff by referring only to the nine (9) unpaid invoices. The total balance owed to the plaintiff by the defendants for the material sold and delivered amounts to $25,383.38, as reflected by the following:

| Invoice No. | Invoice Date | Amount |
|---|---|---|
| 67452 | July 5, 1997 | $2,673.00 |
| 67720 | July 12, 1997 | $5,754.38 |
| 68005 | July 18, 1997 | $ 742.50 |
| 68753 | August 9, 1997 | $3,712.50 |
| 69029 | August 16, 1997 | $3,071.25 |
| 69810 | September 6, 1997 | $ 742.50 |
| 70068 | September 13, 1997 | $6,237.00 |
| 70340 | September 20, 1997 | $2,004.75 |
| 70629 | September 30, 1997 | $ 445.50 |

Based on the above listed invoices, said overdue balance includes $9,169.88 due and payable under the Supply Contract on August 31, 1997, $6,783.75 due and payable under the Supply Contract on September 30, 1997, and $9,429.75 due and payable under the Supply Contract on October 31, 1997. The evidence demonstrates that plaintiff served adequately timely notice to Reliable requesting payment of the amount claimed $25,383.38, from the Bond. Since there is no controversy as to whether the amount owed, due and payable, the defendants are ORDERED to pay the amount of $25,383.38 to plaintiff Ready Mix.

Galear claims that Ready Mix is not entitled to interests or additional charges. The Miller Act has no provisions regarding the payment of interest in cases like the one before us. Nor

AO 72A
(Rev.8/82)

does the Supply Contract discuss the payment of interest in case of default. Said silence, however, in the Miller Act and the Supply Contract does not preclude plaintiff from claiming the payment of accrued interest. This Court has held-as have the majority of the federal courts-"that the right of interest is determined by the law of the state in which the work was performed." United States Department of Navy Benefit of Andrews v. Delta Contractors Corporation, 893 F.Supp. 125, 132 (D.P.R. 1995).

According to Puerto Rico law, in the absence of an agreement regarding interest, the creditor is entitled to the payment of legal interest. 31 L.P.R.A. §4591; United States Department of Navy Benefit of Andrews v. Delta Contractors Corporation, supra, at 132. Defendants' arrears generate interest based on the breach of the payment obligation. 31 L.P.R.A. §3025. Legal interest rates in Puerto Rico are established by the Finance Board of the Office of the Commissioner of Financial Institutions. See Puerto Rico Rule 44.3 of Civil Procedure; see also United States Department of Navy Benefit of Andrews v. Delta Contractors Corporation, supra at 132, footnote 10; Vélez v. Crown Life Insurance Co., 599 F.2d 471, 474 (1st Cir. 1979). Plaintiff is entitled to the payment of legal interest at the rate authorized by Puerto Rico law commencing on the date on which each invoice was due and payable as above stated.

The final issue before us is whether plaintiff can claim the attorney's fees and expenses incurred in this litigation. Attorney's fees are not recoverable under the Miller Act, F.D. Rich Co. v. United States Industrial Lumber Co., Inc., 417 U.S. 116, 128-129 (1974); United States Department of Navy Benefit of Andrews v. Delta Contractors Corporation, supra at 132. However, pursuant to Section 2 of the General Terms and Conditions of Sale contained in the Supply Contract, Galear agreed to pay legal fees and expenses incurred by Ready Mix or its

agents arising from extra-judicial or judicial collection of any invoices due and payable by Galear. Therefore, plaintiff is entitled to recover attorney's fees and expenses incurred in the collection of the aforementioned unpaid invoices including but not limited to the ones incurred in relation to this action.

For the above-stated reasons, the Motion for Summary Judgment (**docket entry 8**) is GRANTED and judgment will be entered ordering the defendants to pay the amount of $25,383.38 plus accrued legal interest commencing on the date on which each invoice was due and payable, and all attorney's fees, costs and expenses incurred by Ready Mix in the collection of this debt.

Plaintiff's Motion for Leave to File Motion to Strike (**docket entry 18**), Motion Requesting Discovery Pending Resolution of Plaintiff's Motion for Summary Judgment (**docket entry 20**) and Motion Requesting Leave to Reply (**docket entry 22**) are MOOT. Inasmuch as plaintiff never identified the unnamed parties, this action is DISMISSED as to them.

SO ORDERED.

At San Juan, Puerto Rico, on March 24, 2000.

CARMEN CONSUELO CEREZO
United States District Judge

J/c: E. Totti
S. Ramirez
M. Rodriguez
3-27-00